**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALFONSO RIVERA GUERRERO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-02431-DB** |
| | § | |
| **WARDEN,** *ERO El Paso East Camp* | § | |
| *Montana, et al.*, | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the above-captioned case. On September 24, 2026, Petitioner Alfonso Rivera Guerrero ("Petitioner") filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("Petition"). ECF No. 1. Petitioner is currently detained at the Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. *Id.* at 1. Petitioner argues his detention is unlawful and asks the court to either order his release or order an individualized custody determination. *Id.* at 23–26. On October 5, 2026, Respondents filed their "Response to Petition" ("Response"). *See* ECF No. 4. For the reasons stated below, the Court will grant the Petition in part on due process grounds.

Petitioner is a Mexican national who entered the United States as a minor on or around 1995. ECF No. 1 at 10. On August 29, 2026, Petitioner was stopped by local law enforcement for an alleged traffic infraction in Houston, Texas, and later taken into immigration custody. *Id.* at 11; ECF No. 4 at 10. Petitioner has yet to receive a bond hearing. ECF No. 1 at 11 (stating "DHS has continued to detain Petitioner without identifying any individualized factual basis [justifying] his continued detention . . . ."). Petitioner asserts 8 U.S.C. § 1225(b) as applied to him violates his due process rights because he has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing justifying his detention. *Id.* at 3.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690 (W.D. Tex. 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (holding that petitioner, who entered the United States without inspection but was later detained by immigration officials, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506 (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention). Yet, in their Response, ECF No. 4, filed on October 5, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions or offer any meaningful reasons why this case warrants a different outcome.

Instead, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 4 *with Zafra*, 2025 WL 3239526 (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Hassen*, 2026 WL 446506 (rejecting Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) as a noncitizen initially placed in expedited removal proceedings, then transferred to full removal proceedings after establishing a credible fear of persecution or torture); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB, ECF No. 10 (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292, ECF No. 13 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that,

pursuant to the immigration entry fiction, petitioner was not entitled to due process, despite being released by DHS); *Diaz Yanez v. Noem*, No. EP-26-CV-00486, ECF No. 5 (W.D. Tex. March 4, 2026) (rejecting Respondents' argument that petitioner's procedural due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)); Order Denying Motion to Stay, *Jimenez Ravelo v. De Anda-Ybarra*, No. EP-26-CV-01892-DB, ECF No. 10 (W.D. Tex. July 31, 2026) (rejecting Respondents' assertion that the Fifth Circuit's stay order, ECF No. 199, in *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 21, 2026), mandates this Court to cease granting any immigration habeas relief under due process principles until an *en banc* decision is rendered); *Ochoa Aldana v. De Anda-Ybarra*, No. EP-26-CV-02316, ECF No. 6 (W.D. Tex. Sept. 18, 2026) (rejecting Respondents' argument that the Fifth Circuit's stay order, ECF No. 32, in *Tolentino-Rodriguez v. Blanche*, No. 26-20424 (5th Cir.), clarifies that "the Fifth Circuit's intent behind the application of the [*Sosnava*] stay order is precedential and should apply to other cases addressing the same legal issues."). The Court understands it is Respondents' right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. Therefore, the same result is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED** Petitioner's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings, **within three (3) days** of the instant Order.[1]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the above line order, or (2) informing the Court of Petitioner's release, **within six (6) days** of the instant order.[2]

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **within two (2) weeks** of the instant Order.

SIGNED this 14th day of October, 2026.

For HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

[1] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

[2] The parties are advised that if any of the deadlines ordered herein fall on a Saturday, Sunday, or legal holiday, the compliance period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.